UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CORNELIUS HEYWARD,

                                          Plaintiff,

                    -against-

FEDERAL BUREAU OF PRISONS;
METROPOLITAN CORRECTIONAL
CENTER – NY,

                                          Defendants.

20-CV-7632 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently detained at the Metropolitan Correctional Center (MCC), brings this

*pro se* action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971), and 42 U.S.C. § 1983, alleging that the Federal Bureau of Prisons (FBOP) and

the MCC adopted policies to combat the spread of COVID-19 that violate the Eighth

Amendment to the United States Constitution. He also challenges other conditions at the MCC,

claiming that those conditions also violate the Eighth Amendment. By order dated April 28,

2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*.[1]

        For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

### STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must

determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings claims asserting violations of the Eighth Amendment related to his conditions of confinement and medical care.[2] He names as defendants the MCC and the FBOP.

The following facts are taken from the complaint. Since April 2020, Defendants' policies

> were put in place to deter the COVID-19, but, did just the opposite, it caused the virus to spread, putting my health, safety and life in jeopardy, NEEDLESSLY! Also, MCC-NY, for all its concern over stopping COVID-19, have several counter-productive measures in place, including double-bunking . . . allowance of sick infectious officers, and other personnel to come to work . . . FORCING EXPOSURE upon myself.

(ECF No. 2, at 9.) Plaintiff specifically challenges Defendants' policies regarding lockdowns and placement in the segregated housing unit (SHU). (*See* ECF 2, at 10.) He argues that "[p]risoners, here at MCC-NY, and throughout the entire FBOP framework, have been enduring just that: 47½ to ½ turnover (lockdowns) for quarantine, which, in all actually helped promote the spread of COVID-19." (*Id.* at 13.) These "extreme lockdowns . . . have caused [Plaintiff] great mental anguish." (*Id.* at 21.) He also argues that Defendants' lockdown policy has led to "fights, attacks, assaults, stabbings, and all sorts of violence . . . ." (*Id.* at 13.)

More specifically, Plaintiff states that the following conditions are unconstitutional: (1) "constant, long term lockdown"; (2) "no, or very limited, phone use"; (3) "no, or very limited, email use"; (4) "no visitation from loved ones, AT ALL"; and (4) "over-aggressive officers . . . [who] display[ ] a lack of moral compass towards prisoners." (ECF No. 2, at 13.)

---

[2] Plaintiff is being held at the MCC during his violation of supervised release proceedings before Judge Laura T. Swain. *See United States v. Heywood*, ECF 1:15-CR-0341, 139, in which his supervised release was revoked.

Plaintiff contends that "COVID-19 is not causing these behaviors [but rather] [i]t is the ruthless policies adopted by the FBOP, to comebat COVID-19, that is the culprit." (*Id.* at 15.) He further contends that "these policies serve no other purpose than to cause mental distress amongst the prison population." (*Id.* at 15.)

In support of his assertion that correctional staff placed prisoners at risk of contracting COVID-19, Plaintiff alleges that staff : (1) placed prisoners who had tested positive in the same cell with other prisoners; (2) failed to provide Plaintiff with cleaning supplies to clean his cell after correctional staff had failed to do so; and (3) failed to comply with mask-wearing and other protocols to protect prisoners from contracting COVID-19. Plaintiff alleges that from July 15, 2020, the Warden of MCC and correctional staff – none of whom are named individually – repeatedly placed Plaintiff and other prisoners in danger of contracting COVID-19. (*Id.* at 22-30) (in noting the warden's involvement, Plaintiff asserts that she said, "I don't have enough cells to put 1 man to a cell," *id.* at 30).

Plaintiff also brings claims related to injuries he suffered from waterbug bites. He claims that Defendants "fail[ed] to examine, diagnose or treat waterbug (cockroach) bites that occurred [at MCC]"; the "bites . . . swoll [sic] up, leaked and became very painful." (ECF No. 2, at 9.) Plaintiff alleges that he has "been bitten a few times by waterbugs." A medical "aide," *id.* at 16, Joaquin, examined the bites and concluded that they were in fact "'cysts from an ingrown hair,'" a diagnosis with which Plaintiff disagrees, *id.* at 17.

In addition to Plaintiff's Eighth Amendments claims, he brings due process claims under the Fifth Amendment to the United States Constitution. Specifically, he alleges that he and the other MCC prisoners "are forced to endure [conditions] . . . reserved for disciplinary prisoners," including "restricted movement/time out of cell 22 hour locked in cell & 2 hours out." (*Id.* at 20.)

He also alleges that his phone and computer use has been restricted. These restrictions, Plaintiff

asserts, ordinarily are "used as punishment . .  [y]et, they are enforced on all prisoners of MCC-

NY absent a ticket/disciplinary charge, a hearing or a finding of guilty." (*Id.* at 20.)

Plaintiff seeks injunctive relief and money damages.

## DISCUSSION

### A.      Sovereign Immunity

Under the doctrine of sovereign immunity, the BOP and the MCC are immune from suit.

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal

government, including suits against federal agencies, unless sovereign immunity has been

waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military

Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is

essentially a suit against the United States, such suits are . . . barred under the doctrine of

sovereign immunity, unless such immunity is waived."). Thus, the Court dismisses these

defendants under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.      Federal Tort Claims Act

Because Plaintiff asserts facts related to the conditions of his confinement at the MCC,

including a denial of medical care, the Court construes these allegations as asserting a claim for

money damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the

tortious conduct of federal officers or agents acting within the scope of their office or

employment. *See* § 1346(b)(1). The proper defendant for an FTCA claim is the United States of

America. *See* § 1346(e); *see, e.g.*, *Holliday v. Augustine*, No. 14-CV-0855, 2015 WL 136545, at

*1 (D. Conn. Jan. 9, 2015).

An FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing a claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). FTCA claims must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and an FTCA action must be commenced within six months of when the agency issues its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17, 2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). This exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff suggests in his complaint that he filed grievances at the MCC, but he does not assert any facts suggesting that he filed a claim with the FBOP for money damages or that he received a final written determination from the FBOP. The Court therefore dismisses this claim without prejudice to Plaintiff's filing an action asserting an FTCA claim against the United States, after he has exhausted his administrative remedies.

C. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*

Because Plaintiff alleges that he was denied medical care at the MCC, he asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which "is the federal analog to suits brought against state officials under" § 1983, *see Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *see also Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment

6

discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and

(3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*,

446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017).

To state a claim for relief under *Bivens*, a plaintiff must allege facts plausibly showing

that: (1) the challenged action was attributable to an officer acting under color of federal law, and

(2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See*

*Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

Plaintiff proceeds in this matter without representation of counsel. In light of his *pro se*

status, the Court grants Plaintiff leave to file an amended complaint to name individual

correctional staff at the MCC who he claims violated the Eighth Amendment.

### D.    28 U.S.C. § 2241

Federal prisoners challenging the conditions of their confinement and seeking injunctive

relief may do so in a petition brought under 28 U.S.C. § 2241. *Thompson v. Choinski*, 525 F.3d

205, 209 (2d Cir. 2008); *see, e.g., Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008)

(noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper

vehicle for asserting conditions-of-confinement claims, without limitation"). The Court therefore

grants Plaintiff leave to allege facts in support of any claim for injunctive relief under § 2241.

### LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must

name as the defendant(s) in the caption[3] and in the statement of claim those individuals who

---

[3] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Metropolitan Correctional Center, during the 7-3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint to assert claims under *Bivens*. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-7632 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses from the action the FBOP and the MCC. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

SO ORDERED.

Dated:    November 10, 2020
          New York, New York

_____
          COLLEEN McMAHON
      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:  _____